Lundberg Stratton, J.,
concurring.
{¶ 39} I agree with Justice Resnick’s dissenting opinion that psychological injuries can be as real as physical injuries. However, I do not agree that a court has the authority to conclude that a psychological or psychiatric condition alone is a compensable workplace injury when the General Assembly’s definition of “injury” expressly requires a physical component.
{¶ 40} First, there is no constitutional history to suggest that psychological injuries were contemplated by the drafters of Section 35, Article II of the Ohio Constitution at the time that section was written. Therefore, I believe that it is the role of the General Assembly to determine whether a psychological or psychiatric condition resulting from workplace trauma should be a compensable *282 injury or occupational disease for purposes of workers’ compensation. In making that determination, I believe several issues should be subject to public debate: criteria for diagnosis, the types of conditions to be included, and how to distinguish the effects of a personal trauma from workplace trauma.
{¶ 41} The General Assembly should examine competing views on the topic, including expert testimony, and set goals, priorities, and standards before a purely psychological or psychiatric condition is defined as an “injury” for purposes of workers’ compensation. Unlike conditions originating from an organic or chemical cause, trauma-related psychological and psychiatric conditions are very subjective and require balancing of evidence. Even modern medicine differs widely over diagnoses as well as treatment.
{¶ 42} Perhaps a purely psychological or psychiatric condition should be a compensable injury for purposes of workers’ compensation; however, it is not mandated under Section 35, Article II of the Ohio Constitution or subject to coverage under the current workers’ compensation laws. It is a matter for our General Assembly, and I urge our legislators to consider extending workers’ compensation to these injuries. However, I would not mandate coverage by judicial fiat. Therefore, I reluctantly concur in the majority’s decision.
O’Connor and O’Donnell, JJ., concur in the foregoing opinion.